Eckert & Facciola
Kimberly A. Eckert, SBN 015040
Tamra Facciola, SBN 016478
P.O. Box 23660
Tempe, Arizona 85285
(480) 456-4497
Attorneys for Plaintiff
keckert@arizlaw.biz

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| REBECCA GUNTHER, a single woman, | ) |
| | ) Case No. _____ |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BANK OF AMERICA; a corporation authorized to do business in Arizona, | ) **COMPLAINT** |
| | ) |
| Defendant. | ) |
| | ) (Jury Trial Demanded) |
| | ) |

Plaintiff Rebecca Gunther, by and through her undersigned counsel, for her Complaint against Defendant, states and alleges:

**JURISDICTION & VENUE**

1. This is an action seeking equitable and legal relief and arises under the *Employee Retirement Security Act of 1974,* as amended (ERISA), 29 U.S.C. Sec. 1001, *et seq.*.

2. The District Court of Arizona has jurisdiction in this matter pursuant to 42 U.S.C. Sec. 12101, *et seq.*

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343(a).

-- 1

## PARTIES

4. At all times material hereto, Plaintiff was a single woman and resided in Maricopa County, Arizona.

5. Defendant Bank of America is a corporation authorized to and engaged in business in Arizona.

## GENERAL ALLEGATIONS

6. Plaintiff was employed by Bank of America on from March, 1997 to September, 2006. Plaintiff separated her employment with Defendant in good standing and immediately thereafter became employed by Countrywide Bank in September, 2006.

7. Countrywide Bank was thereafter acquired by Bank of America and in 2006 Plaintiff once again became employed with Defendant Bank of America.

8. Plaintiff was employed with Defendant from September 2006 until July, 2009, at which time Plaintiff learned her position with her employer Bank of America was being eliminated and that Plaintiff would be separated from her employment.

9. Plaintiff's final day of employment was September 25, 2009.

## COUNT I

## VIOLATION OF ERISA

**(29 U.S.C. Sec,. 1001, *et seq.*)**

All previous allegations are re alleged as if fully set forth herein.

10. Pursuant to her employer Defendant's severance plan, Plaintiff learned from management that she would receive a 24 week severance package, consisting of 2 weeks' pay for each year of the twelve years of service she had worked.

11. Plaintiff's severance package was incorporated into Countrywide's Financial Corporation Change in Control Severance Plan ("the plan"), an employee benefit plan within the meaning of 29 U.S.C. Sec. 1002.

12.     Upon information and belief, Plaintiff's severance benefits, were a part of and administered pursuant to the plan's section of "salary separation payment".

13.     According to the Plan's salary separation payment, Plaintiff was to be paid a 24-week severance package, reflecting Plaintiff's bridged years of service between her former employment with Bank of America, her employment with Countrywide Bank and her subsequent recent employment with Bank of America.

14.     Defendant's representatives and management in Human Resources told Plaintiff, verbally and in writing that she would expect to receive pay for 24 weeks for severance pay.

15.     Defendant's e-workplace stated that Plaintiff's years of service were bridged and showed 12.52 years of service, consistent with her employer's plan.

16.     Upon receiving her severance payment, Plaintiff learned she only received six weeks of severance pay, in the amount of $8,913.60.

17.     Based on the correct calculation of 12 years of service, Plaintiff's severance check should have been in the amount of $35,654.30.

18.     Plaintiff has appealed her incorrect severance pay to her manager, the Human Resource Department and has conducted each appeal her former employer has required.

19.     As a direct result of Defendants' violation of the statutes and violation of the severance plan, as alleged herein Plaintiff has incurred financial problems, financial turmoil and resultant stress and upset.

20.     Defendants have refused to pay to Plaintiff compensation to which she is entitled without a reasonable, good-faith basis or appropriate authority.

21.     Defendants have withheld Plaintiff's earned compensation with intentional disregard of the Plan and in the face of repeated requests by Plaintiff and Plaintiff's counsel to pay the outstanding funds.

22.     Defendants knowingly ignored the interests of Plaintiff and deprived her of earned compensation to which she is entitled under Defendant's Plan and by Defendants' own admission.

23. As a proximate result of the aforementioned wrongful conduct of said Defendants, Plaintiff has suffered anxiety, worry, emotional distress, and insecurity, all to the Plaintiff's general damage.

24. Defendants have placed their own financial interests ahead of Plaintiff's interests by depriving her of compensation she earned and to which she is entitled.

25. Defendants' conduct described herein was done willfully, oppressively, maliciously, deceptively, with conscious disregard of the rights of the Plaintiff and with intent to harm or injure Plaintiff.

26. In accordance with federal law, including but not limited to 29 U.S.C. Sec. 1132(g), and 42 U.S.C. Sec. 12205, Plaintiff is entitled to recover her attorney's fees and costs.

27. Plaintiff requests a Jury Trial on all counts of her Complaint.

**WHEREFORE**, Plaintiff Rebecca Gunther prays for judgment against Defendant Bank of America and its agents as follows:

A. That this court award Plaintiff compensatory damages in an amount to be proved at trial.

B. That this Court award such equitable relief afforded by statute including but not limited to, Plaintiff's full severance payment according to Defendant's Plan, injunctive relief and interest, as the Court deems necessary to make Plaintiff whole.

C. That this Court award Plaintiff's reasonable attorney's fees incurred, pursuant to federal law, including but not limited to 29 U.S.C. Sec. 2617.

D. That this Court award pre-judgment and post-judgment interest on all amounts at the highest rate permitted by law.

G. For such other and further relief as the Court deems just and proper.

DATED this 27th day of July, 2010.

                                          BY____/s/ Kimberly A. Eckert_____
                                          Kimberly A. Eckert
                                          Attorneys for Plaintiff